IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 13-944-M |
| THOMAS RAFFERTY | : | |

**PRETRIAL DETENTION ORDER**

AND NOW, this _____ day of August, 2013, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(E).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(E) because:

(a) There is probable cause to believe that the defendant has violated Title 18, United States Code, Sections 2251 and 2252(a)(4)(B), as charged in the Complaint. The

offense involving creation of child pornography (§ 2251) carries a rebuttable presumption that the defendant must be detained. *See* 18 U.S.C. § 3142(e).

(b) The evidence in this case is strong.

Images of children engaging in sexually explicit conduct that the defendant created have been found on his computer equipment. The defendant has confessed to making these images.

(c) The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum if convicted, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
CAROL SANDRA MOORE WELLS
Chief United States Magistrate Court Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIM. NO. 13-944-M |
| THOMAS RAFFERTY | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

Defendant Thomas Rafferty stands before this Court charged in a complaint with crimes involving the sexual victimization of children. As a result, the penalties for the crimes charged involve significant, mandatory incarceration. The defendant cannot overcome the presumption that no condition or combination of conditions will reasonably assure his appearance as required and/or the safety of the community, and the government moves pursuant to 18 U.S.C. §§ 3142(e) and (f)(1)(E) for a detention hearing and pretrial detention of the defendant.

**I.    THE FACTS**

Starting somewhere between 2000 and 2004 and continuing at least until 2008, the defendant sexually molested his step-granddaughters and took sexually explicit photos of them, while he had them tied to rafters in the attic of his home. Victim 1 first reported this in 2013, while she was in basic training in the U.S. Marine Corps. Agents from Homeland Security followed up on this information and identified Victims 2 and 3. As a result of this information, the agents obtained a search warrant for the defendant's home and seized his computers and other digital storage media for a full forensic examination. During the course of the search, a forensic examiner performed a preliminary examination of this equipment and found images of Victim 1 naked, her arms above her head, bound at the wrists and tied to two separate rafters in the attic. This image was located in a folder entitled "2008," which was inside another folder bearing Victim 1's true first name. The "Last

Written" date of that image was October 9, 2008. A preliminary review of the external hard drive also revealed images of child pornography, that is, children who are depicted in photographs that display the lascivious exhibition of their genitals or pubic areas as well as images of child erotica, animated child pornography. The full forensic examination of this computer is now being conducted.

The defendant has admitted to taking the images of Victim 1 and said that he "might" have taken similar images of Victims 2 and 3.

## II.     PROBABLE CAUSE AND THE EVIDENCE IN THIS CASE

A.     There is probable cause to believe that the defendant violated 18 U.S.C. §§ 2251 and 2252(a)(4)(B), as evidenced by the Complaint and accompanying affidavit. The charge of employing a child to create images of the child engaging in sexually explicit conduct carries a rebuttable presumption that the defendant must be detained. *See* 18 U.S.C. § 3142(e).

B.     The evidence in this case is strong.

Some of the images described by the victim have already been found on the defendant's computer equipment and the defendant has confessed to taking the pictures. The full forensic examination has yet to be conducted. It is likely that the examination will find more images.

## III.    MAXIMUM PENALTIES

The defendant faces the following statutory maximum and mandatory minimum penalties:

**Employing a child to create images of child pornography – 18 U.S.C. § 2251**

> The maximum penalty is 30 years incarceration with a mandatory 15 year term, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment for each count.

**Possession of Child Pornography – 18 U.S.C. § 2252(a)(4)**

The maximum penalty is 10 years incarceration, a minimum 5 year term up to a lifetime of supervised release, a $250,000 fine, restitution, and a $100 special assessment.

**TOTAL MAXIMUM PENALTY**:

At least 40 years incarceration, which includes a mandatory year 15 year period of imprisonment, a minimum 5 years up to a lifetime of supervised release, $500,000 in fines, mandatory restitution, and $200 in special assessments. The total number of counts of the violation of § 2251 may increase if images created on different dates are also found.

### IV.    RISK OF FLIGHT

The defendant faces a long term of incarceration – 15 years at the minimum. He is 67 years old and could easily decide that he would rather flee than face the prospect of dying in prison.

### V.    DANGER TO THE COMMUNITY

The defendant has a multi-year history of molesting young, female children and recording his crimes. He now has access to another 5 year old female child, who visits his home occasionally. A 2-week-old male child now lives in the home. While he lives with his wife, he has informed the agents that she has been treated for schizophrenia for years and periodically does not take her medication. He has either been able to hide his crimes from her well, or she has been ignorant or willfully blind about what was happening. Releasing him into the community, even with electronic monitoring and barring contact with children will depend upon his self-restraint and her powers of observation. The facts of this case do not warrant trusting either.

## VI. CONCLUSION

The defendant is a clear danger to the community. He also has every reason to flee knowing that he will likely spend athe rest of his life in prison when he is convicted in this case.

When all these factors are viewed in light of the lengthy and mandatory prison sentence he faces, it is clear that the defendant cannot rebut the presumption under 18 U.S.C. §§ 3142(f)(1)(E) that no condition or combination of conditions will reasonably assure his presence or the safety of the community.

WHEREFORE, the government respectfully requests the Court to detain this defendant prior to trial.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney


*/s/ Michael L. Levy*
MICHAEL L. LEVY
Assistant United States Attorney
Chief, Computer Crimes

## CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served by e-mail delivery on the following defense counsel:

Catherine C. Henry, Assistant Federal Defender
Federal Defender Association of Philadelphia
Suite 540 West - The Curtis Center
Independence Mall West
Philadelphia, PA 19106

 

_____
MICHAEL L. LEVY
Assistant United States Attorney

Date: August 13, 2013.